

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,834-01

### EX PARTE LEONARD STRICKLAND, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20080D05040 IN THE 171ST DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). After a period of deferred adjudication, Applicant was convicted of one count of aggravated robbery and one count of robbery. He was sentenced to seven and a half years' imprisonment for each count. He did not appeal his convictions.

Applicant contends that his sentences are improper because he was sentenced twice for one criminal act. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the

appropriate forum for findings of fact.  The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).  In the appropriate case, the trial court may rely on its personal recollection.  *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether the actions alleged in the two counts were separate and distinct instances or were a part of one criminal action.  The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his convictions violate double jeopardy.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.


Filed: March 25, 2015
Do not publish